UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES f/u/b/o SOJAM, LLC** <br> **d/b/a MARTIN J. BRAUN COMPANY,** <br><br> **Plaintiff** <br><br> v. <br><br> **C.E.R., INC.**, *et al.,* <br><br> **Defendants.** | Case #: 1:05CV02221 (JWR) <br><br> Judge:  Richard W. Roberts |

## ANSWER

COMES NOW Defendants C.E.R., Inc. ("CER") and United States Fidelity and Guaranty Company ("USF&G"), by and through counsel Quagliano & Seeger, P.C., and hereby answer the Complaint filed by the United States for the Use and Benefit of SOJAM, LLC d/b/a Martin J. Braun Company ("Braun") as follows:

**1.** CER and USF&G (collectively referred to as "Defendants") have insufficient information to admit or deny the allegations of Paragraph 1 of the Complaint and, therefore, deny same and demand strict proof thereof.

**2.** Admitted.

**3.** Admitted.

**4.** Paragraph 4 of the Complaint is a statement for which no response is required. To the extent that a response is required, the allegations in Paragraph 4 are denied.

**5.** Paragraph 5 of the Complaint is a statement for which no response is required. To the extent that a response is required, the allegations in Paragraph 5 are denied.

6. Defendants admit that CER entered into a contract with the Department of the Navy, the terms of which speak for themselves. To the extent that the allegations of paragraph 6 are inconsistent with that contract, they are denied.

7. Defendants admit that CER entered into a subcontract with Braun, the terms of which speak for themselves. Defendants further admit that Exhibit A to the Complaint is a copy of the subcontract excluding the plans and specifications and any other documents which are incorporated therein. To the extent that the allegations of paragraph 7 are inconsistent with that subcontract, they are denied.

8. Defendants admit that USF&G, as surety, issued to CER, as principal, Bond No. 400SVS662 (the "Bond"), the terms of which speak for themselves. Defendants further admit that Exhibit B to the Complaint is a copy of the front page of the Bond. To the extent that the allegations of paragraph 8 are inconsistent with the Bond, they are denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. The allegations of Paragraph 13 are legal conclusions for which no response is required. To the extent that a response is required, the allegations in Paragraph 13 are denied.

14. The allegations of Paragraph 14 are legal conclusions for which no response is required. To the extent that a response is required, the allegations in Paragraph 14 are denied.

## **ADDITIONAL AND AFFIRMATIVE DEFENSES**

Plaintiff has failed to state a claim upon which relief can be granted.

1. Plaintiff's claims are barred by the terms of the Subcontract including, but not limited to, Articles 4.2, 4.3, 4.4, 5.2, 6.1, 6.4, 6.5, and 13.6.

2. Plaintiffs claims are barred by the terms of the Bond.

3. Plaintiff's claims are barred by its peremptory and material breaches of the Subcontract.

4. Plaintiff's claims are barred by its failure to provide proper and timely notice of its claims pursuant to the terms of the applicable Subcontract.

5. Plaintiff's claims are barred by the applicable statute of limitations period.

6. Plaintiff's claims are by its failure to mitigate its damages.

7. Plaintiff fails to set forth a claim for costs or attorneys' fees.

8. Plaintiff fails to set forth a claim for the award of interest.

9. Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or laches.

10. Plaintiff's claims are barred by release.

11. Plaintiff's claims are barred by accord and satisfaction.

12. Plaintiff's claims are barred by the doctrine of unclean hands.

13. Plaintiff's claims are barred by the acts and/or omissions of its agents and/or representatives undertaken pursuant to actual or apparent authority.

14. Defendants deny all allegations not expressly admitted to in this Answer.

15. Defendants reserve the right to assert all defenses that may be available

based upon the facts as they become known through discovery or during any trial of this matter.

**WHEREFORE**, Defendants C.E.R., Inc. and United States Fidelity and Guaranty Company respectfully request the this Honorable Court dismiss Plaintiff's Complaint, with prejudice, and that Defendants be awarded their costs and expenses, including reasonable attorneys' fees, in defending this action.

        Respectfully Submitted,

        _/s/ Stephen M. Seeger_____
        Stephen M. Seeger
        Michael C. Zisa
        Quagliano & Seeger, P.C.
        2620 P Street, NW
        Washington, D.C. 20007
        Tel.: (202) 822-8838
        Fax: (202) 822-6982
        Email: sseeger@quagseeg.com

        ***Counsel for C.E.R., Inc. and United States Fidelity and Guaranty Company***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 4th day of January, 2006, a copy of the foregoing Answer was sent via facsimile and first-class mail postage prepaid, to:

        Lucas F. Webster
        Mark S. Dachille
        Huddles, Jones, Sorteberg & Dachille, P.C.
        10211 Wincopin Circle
        Suite 200
        Columbia, MD 21044

        ***Counsel for SOJAM, LLC d/b/a Martin J. Braun Company***

        _/s/ Stephen M. Seeger_____
        Stephen M. Seeger

4